# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PHILLIP C. PENG,

           Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

           Defendant.

Case No. 2:14-cv-1836-APG-GWF

**FINDINGS AND RECOMMENDATION**

Motion to Proceed *in forma pauperis* - 1

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on November 3, 2014.

## BACKGROUND

The Plaintiff claims that the IRS has wrongfully imposed a lien on his house due to a tax that was not paid. The Plaintiff claims that he does not owe this tax, and that he has tried to contact the IRS to resolve this dispute. He attempted to file this action at the Pahrump Justice Court, but was denied due to jurisdiction. The lien currently on his property is for $4,513.51.

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Mr. Peng's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.    Instant Complaint

The Plaintiff represents that the IRS noticed a federal tax lien in the amount of $4,513.51 on his property at 2011 S. Idaho Street in Pahrump, Nevada. He attempted to apply for a reverse mortgage when the bank insisted the lien be paid. The Plaintiff then attempted to contact the IRS to resolve the issue, but had no success. The Plaintiff filed letters with the Court as evidence of his attempts to resolve the issue, dated June 17, 2013, June 25, 2014, and August 4, 2014. Plaintiff then filed suit in the Pahrump Regional Justice Center, only to have the Court decline to take jurisdiction over the matter. Plaintiff now turns to the United States District Court to resolve this tax dispute.

Title 26 of the United States Code § 6320 - 6330 details the proper procedures and protocol for appealing a tax lien. 26 U.S.C. § 6320 provides that the review of a challenge of a tax lien is governed by 26 U.S.C. § 6330. Section 6330 dictates that judicial review of a tax lien and of the IRS appeal of a tax lien is conducted by the United States Tax Court. *See* 26 U.S.C. § 6330(d)(1). While the Tax Court does not have exclusive jurisdiction over any and all issues related to taxation,

it does have exclusive jurisdiction over income tax deficiencies and liens that relate to those deficiencies. *See Foster v. United States of America*, 2002 WL 1396772 at *1 (D. Nev. 2002); *Silver v. Smith*, 2002 WL 31367926, at *1 (W.D.N.Y. Sept. 5, 2002) aff'd, 70 F. App'x 17 (2d Cir. 2003). Therefore, this Court does not have subject matter jurisdiction over the Plaintiff's complaint relating to the validity of the tax lien. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (1-1) be **dismissed** for lack of subject matter jurisdiction.

DATED this 20th day of March, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge